20-1783-cv; 20-1785-cv
*Li v. New Ichiro Sushi, Inc.; Hidalgo v. New Ichiro Sushi, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of December, two thousand twenty-one.

PRESENT:
>JOHN M. WALKER, JR.,
>RICHARD C. WESLEY,
>JOSEPH F. BIANCO,
>>*Circuit Judges*.

_____

Ji Li, on behalf of themselves and others similar situated, Jianhui Wu, on behalf of themselves and others similarly situated, Bin Zhang, on behalf of themselves and others similarly situated, De Ping Zhao, on behalf of themselves and others similar situated, Kai Zhao, on behalf of themselves and others similarly situated,

*Plaintiffs-Counter-Defendants-Appellants*,

v.                                                                    20-1783-cv

New Ichiro Sushi Inc., DBA Ichiro Sushi Restaurant, Hui Chen, Juhang Wang, AKA James Wang,

*Defendants-Appellees,*

Ichiro Asian Fusion, Inc., DBA Ichiro Fusion, Jian

Ping Chen,

<em>Defendants-Counter-Claimants</em>,

Roberto Hidalgo,

<em>Interested-Party</em>,

Ichiro Sushi, Inc., DBA Ichiro Sushi Restaurant,
Hiu Chen, Vincent Chan, Winson Chan, Joe Chow,
Jame Wang, John Doe, John Doe, Ichiro Restaurant,
Inc, Jin Li,

<em>Defendants</em>.[1]

---

Roberto Hidalgo, on behalf of himself and others
similarly situated,

<em>Plaintiff-Appellee</em>,

v.

20-1785-cv

New Ichiro Sushi, Inc.,

<em>Defendant-Appellant</em>,

Ichiro Sushi, Inc., or any other business entity doing
business as Ichiro Sushi, located at 1964 Second
Avenue, New York, New York, Hui Chen, and Hui
Ying Guo, individually,

<em>Defendants</em>.

---

FOR PLAINTIFFS-APPELLANTS:

TIFFANY TROY (Aaron Schweitzer, *on the brief*), Troy Law, PLLC, Flushing, NY.

FOR DEFENDANTS-APPELLEES and

---

[1] The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

DEFENDANT-APPELLANT:                    DAVID YAN, Law Offices of David Yan,
                                        New York, NY.

Appeals from an order and judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 30, 2020 order and May 4, 2020 judgment of the district court are **AFFIRMED**.

These tandem appeals, which have been consolidated for decision, involve claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") for, among other things, unpaid wages, unpaid overtime, a failure to provide "Time of Hire" notice with detailed rates of pay and pay schedules, and a failure to provide accurate pay stubs, in connection with alleged labor violations at sushi restaurants Ichiro Sushi, Inc. ("Ichiro Sushi") and New Ichiro Sushi, Inc. ("New Ichiro Sushi"). Following a bench trial, the United States District Court for the Southern District of New York issued its findings of fact and conclusions of law, and concluded that: (1) defendants New Ichiro Sushi and Juhang Wang ("Wang"), its owner, were not liable under a theory of successor liability for any alleged labor violations by Ichiro Sushi, a sushi restaurant under different ownership previously operated out of the same Manhattan location; (2) although plaintiffs Jianhui Wu ("Wu") and Kai Zhao ("Zhao") were employees of New Ichiro Sushi, they failed to prove that they were not properly paid; and (3) plaintiff Roberto Hidalgo, who the district court found had worked at New Ichiro Sushi, proved violations of the FLSA and NYLL and was entitled to a total of $4,568.00 in overtime damages, spread of hours damages, liquidated damages, statutory damages, and

2

prejudgment interest.

On appeal, Plaintiffs-Appellants challenge the district court's credibility findings and legal conclusions related to successor liability that precluded recovery against New Ichiro Sushi for alleged labor violations by Ichiro Sushi. They also challenge the district court's finding, based upon its credibility determinations, that plaintiffs Wu and Zhao failed to meet their burden of proving that they were not properly paid while working at New Ichiro Sushi. In the related appeal, defendant New Ichiro Sushi challenges the district court's finding that plaintiff Hidalgo was its employee and asserts that he was improperly awarded damages and interest.[2] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

I.        **Standard of Review**

"Following a bench trial, we set aside findings of fact only when they are clearly erroneous, and we give due regard to the trial court's credibility determinations." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 300 (2d Cir. 2006) (internal quotation marks omitted). Moreover, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety" we "may not reverse it" even if we "would have weighed the evidence differently." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985). We nevertheless conduct *de novo* review of the district court's conclusions of law and its application of the law to the facts. *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012).

---

[2] In a letter dated August 10, 2020, Hidalgo informed the court, through counsel, that he would not participate in the appeal.

## II.    Successor Liability

Plaintiffs-Appellants challenge the district court's determination that New Ichiro Sushi is not liable under a theory of successor liability for any labor violations of Ichiro Sushi.  On September 17, 2014, New Ichiro Sushi, owned by Wang, purchased "fixtures, equipment, accounts receivable, contract rights, lease, good will, licenses, rights under any contract for telephone service or other rental, maintenance or use of equipment, machinery and fixtures" from Ichiro Sushi for a price of $50,000 and began to operate in the same 1694 Second Avenue location.  Joint App'x at 689–91.  Previously, Wang worked as a sushi chef at Ichiro Sushi.  Plaintiffs-Appellants worked at Ichiro Sushi in various other capacities, *i.e.*, as delivery persons and in the kitchen.

In rejecting the claims brought against New Ichiro Sushi under a theory of successor liability, the district court applied the substantial continuity test and not the more restrictive traditional test for successor liability, under which a corporation that purchases the assets of another corporation is generally not liable for the seller's liability unless specific exceptions apply.  *See New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006).  We have not previously decided whether the substantial continuity test or the traditional test applies to FLSA claims.  We decline to do so today because the district court correctly concluded that, even under the substantial continuity test (which Plaintiffs-Appellants argue should apply), New Ichiro Sushi was not a successor to Ichiro Sushi for the reasons discussed below.

"Successor liability is an equitable doctrine, not an inflexible command," *Chi. Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Tasemkin, Inc.*, 59 F.3d 48, 49 (7th Cir. 1995), and thus "emphasis on the facts of each case as it arises is especially

5

appropriate," *Howard Johnson Co. v. Detroit Loc. Joint Exec. Bd.*, 417 U.S. 249, 256 (1974). Substantial continuity is therefore "based upon the totality of the circumstances of a given situation." *N.L.R.B. v. DeBartelo*, 241 F.3d 207, 210–11 (2d Cir. 2001) (internal quotation marks omitted). The burden of proof falls to the proponent of successor liability. *Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Publ'g Corp.*, 635 F.3d 48, 52 (2d Cir. 2011). Moreover, the Supreme Court has held that even if a successor obtains substantial assets of the predecessor corporation and has substantial continuity of the predecessor's business operations, a successor must nevertheless "have notice before liability can be imposed." *Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 185 (1973); *accord Stotter Div. of Graduate Plastics Co. v. Dist. 65*, 991 F.2d 997, 1001–02 (2d Cir. 1993) (discussing the importance of notice in finding substantial continuity between corporations). Courts applying the substantial continuity test in the FLSA context have utilized a variety of factors to assist in the analysis. *See, e.g.*, *Equal Emp. Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1094 (6th Cir. 1974) (collecting cases); *see also Bautista v. Beyond Thai Kitchen, Inc.*, No. 14 CIV. 4335 LGS, 2015 WL 5459737, *5–*9 (S.D.N.Y. Sept. 17, 2015) (applying factors to the FLSA context).

As confirmed at oral argument, Plaintiffs-Appellants do not challenge the substantial continuity test applied by the district court (as outlined above), which included the district court's legal conclusion that notice to the successor-employer of the predecessor's legal obligation is an indispensable requirement of the substantial continuity test in the FLSA context. Instead, Plaintiffs-Appellants contend on appeal that the district court erred in concluding that there was insufficient evidence of notice to satisfy that standard. We disagree.

6

After conducting the bench trial, the district court found that Plaintiffs-Appellants had failed to meet their burden of demonstrating that New Ichiro Sushi was on actual or constructive notice of any labor law violations by Ichiro Sushi. With respect to actual notice, there was no evidence of any past or pending lawsuit against Ichiro Sushi for labor violations at the time of the sale of the business to New Ichiro Sushi. Plaintiffs-Appellants assert that New Ichiro Sushi was nevertheless on constructive notice of the labor law violations because Wang had worked with Plaintiffs-Appellants at Ichiro Sushi as a sushi chef, even though there was undisputed evidence that he had no control over the compensation of employees or other personnel matters at Ichiro Sushi. Moreover, Plaintiffs-Appellants' argument that Wang was willfully blind to the alleged labor law violations of his former employer during his work as a sushi chef at Ichiro Sushi was undermined by the district court's factual findings based, in part, on Wang's trial testimony on this issue (which was credited by the district court):

> When Defendant Juhang Wang worked as a sushi chef at Ichiro Sushi, his own pay was adequate under the FLSA and NYLL, and he was not aware of any potential labor violations by the restaurant. Based on his knowledge of pay and hours while working at Ichiro, Juhang Wang did not think there would be any obligations by the prior employer to employees for unpaid work. He approached a lawyer to determine whether Ichiro owed any former employees any money, and concluded that Ichiro did not have any outstanding obligations.

Special App'x at 7 (internal citations omitted).

In addition, the district court found that the so-called "red-flags" identified by Plaintiffs-Appellants as it related to the sale of the business – namely, a cash sale, one lawyer representing both the buyer and seller, and the fact that New Ichiro Sushi did not retain employment records of Ichiro Sushi – were insufficient to place New Ichiro Sushi on constructive notice. Specifically, the district court explained that "[w]hile this transactional arrangement may have

7

been unusual, Plaintiffs fail to identify why this would constitute a 'red flag' that should have put New Ichiro on constructive notice of labor violations." Special App'x at 12. The district court further concluded that, "given the circumstances, it was perfectly reasonable for New Ichiro to not retain the employment records of Ichiro Sushi, as Wang had experienced a record of lawful compensation at Ichiro, and thus he believed there was no reason to maintain those records." Special App'x at 12–13.

These factual findings by the district court based upon its assessment of the evidence presented at the bench trial, including its evaluation of the credibility of the witnesses, were not clearly erroneous. In light of those findings, there is no basis to challenge the district court's conclusion that Plaintiffs-Appellants failed to prove that New Ichiro had actual or constructive notice of the labor law violations and, thus, successor liability was not established under the substantial continuity test.[3]

To the extent that Plaintiffs-Appellants seek to assert a veil-piercing theory of liability under New York law to impose successor liability on Wang directly,[4] this challenge to the district court's determination on the issue was improperly raised on appeal in the reply brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). In any event, the district court correctly concluded that Plaintiffs-Appellants failed to prove that claim. The concept of veil-piercing,

[3] To the extent that Plaintiffs-Appellants suggest that the successor has the burden of proving a lack of actual or constructive notice, we need not decide that legal question because, even if New Ichiro Sushi had the burden, the result would have been the same in this case based upon the district court's factual findings (including its crediting of Wang's testimony on this issue) as to which (as noted above) we find no basis to disturb.

[4] It is undisputed that New Ichiro Sushi, not Wang, purchased the assets of Ichiro Sushi, and, accordingly, Plaintiffs-Appellants do not challenge the district court's conclusion that Wang cannot be individually liable for alleged FLSA or NYLL violations under the substantial continuity theory of liability.

similar to substantial continuity, is "equitable in nature." *Morris v. N.Y. State Dep't of Tax'n & Fin.*, 623 N.E.2d 1157, 1160 (N.Y. 1993). To justify going behind the corporate entity to impose personal liability, "[t]he party seeking to pierce the corporate veil must establish that the owner[], through [his] domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice." *Id.* at 1161. Plaintiffs-Appellants have pointed to no evidence in the record that would support a "veil piercing" claim under the applicable standard against Wang.

Accordingly, we reject Plaintiffs-Appellants' challenges to the district court's conclusion that neither New Ichiro Sushi nor Wang were liable for any potential labor violations of Ichiro Sushi.

### III.    Plaintiffs Wu and Kai Zhao

With respect to the claims brought by plaintiffs Wu and Zhao directly against New Ichiro Sushi based upon their employment at the restaurant after the sale, Plaintiffs-Appellants challenge the district court's determination that they "have not met their burden of demonstrating that they were not properly paid while working for New Ichiro Sushi," Special App'x at 14, because it found their testimony not credible. They assert that the discrepancies identified by the district court in their direct testimonies, which were entered into the record by affidavit and then contradicted by their live testimony during their cross- and redirect examinations, should be set aside because of clear error in the district court's credibility determinations. We disagree.

We do not "second-guess the bench-trial court's credibility assessments," as "[i]t is within the province of the district court as the trier of fact to decide whose testimony should be credited." *Krist*, 688 F.3d at 95. The district court noted that various plaintiffs (including Wu

9

and Zhao) "swore under oath in Court as to the accuracy and truthfulness of their direct testimony affidavits." Special App'x at 4. The district court then extensively analyzed the material discrepancies between the sworn affidavits and their testimony and considered any explanations for the discrepancies (including potential translation issues, as the affidavits were written in English, and not in the witnesses' native language). The district court specifically noted that Zhao "testified that he '[did not] know' and '[did not] understand' what was in his own affidavit." Special App'x at 5 (alterations in original). After carefully considering the testimony of Wu and Zhao and the material discrepancies in such testimony in light of the evidence, the district court ultimately concluded that Wu and Zhao (and other plaintiffs) "did not have any basis of knowledge for several significant pieces of their affidavit, which they swore again to in Court, making their testimony entirely unreliable." Special App'x at 5.

We find no basis on this record to disturb the district court's credibility findings. To the extent Plaintiffs-Appellants assert that the district court committed clear error in disregarding documentary evidence (such as time records) and prior statements in the record to ultimately conclude that Wu and Zhao failed to meet their burden of demonstrating that they were not properly paid while working for New Ichiro Sushi, the district court, acknowledging that it was "left with two conflicting [ ] records" and "an incomplete story," Special App'x at 14, was well within its "province . . . as the trier of fact to decide wh[at] . . . should be credited." *Krist*, 688 F.3d at 95. This is not a case where "[d]ocuments or objective evidence . . . contradict the witness' story" or "the story itself [is] so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it," *Anderson*, 470 U.S. at 575, and we thus do not consider whether we "would have weighed the evidence differently," *id.* at 574.

10

Accordingly, based upon the district court's credibility determinations and its corresponding findings of fact, which were not clearly erroneous, the district court properly concluded Wu and Zhao did not meet their burden on their claims.

## IV. Plaintiff Hidalgo

New Ichiro Sushi, in its separate appeal, challenges the award of $4,568.00 in damages and prejudgment interest to Roberto Hidalgo, whom the district court found to be an employee of New Ichiro Sushi and determined had proven various violations of the FLSA and NYLL against New Ichiro Sushi. On appeal, New Ichiro Sushi argues that there is no evidence in the record, beyond Hidalgo's own testimony at trial, that he was an employee of New Ichiro Sushi from September 17, 2014 to October 2, 2014 (after Ichiro Sushi closed), or that he worked 72 hours per week during those weeks. Moreover, New Ichiro Sushi contends that Hidalgo's testimony was contradicted by bank records establishing that "the restaurant was closed for two weeks from September 17, 2014 to September 30, 2014" such that Hidalgo could not, as he claimed, have worked at the restaurant during that time. Appellant's Br. at 1. Thus, New Ichiro Sushi asserts it was clear error for the district court to credit his testimony.

As discussed above, we do not "second-guess the bench-trial court's credibility assessments," *Krist*, 688 F.3d at 95, and here, the district court found that Hidalgo was "clear about what he did and did not remember" and that his testimony was credible. Special App'x at 5. We show deference to the district court's credibility determination in such circumstances because "only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." *Anderson*, 470 U.S. at 575. Although New Ichiro Sushi suggests that a rational factfinder cannot credit a witness's

11

testimony at trial unless there is corroboration, we have repeatedly rejected any such rigid corroboration rule. *See, e.g.*, *Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir. 1999) ("Triers of fact, whether juries or judges, have the obligation to assess the credibility of witnesses, including parties, and a plaintiff's testimony in support of his own claim, if credited and persuasive, will normally suffice. This does not entitle a plaintiff to win merely by testifying, . . . but only by presenting testimony that the trier concludes is both credible and, along with other evidence, *if any*, sufficiently persuasive to satisfy the plaintiff's burden of proof by the requisite preponderance of the evidence." (emphasis added)); *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) ("Although [plaintiff's] evidence may be thin, his own sworn statement is adequate to counter summary judgment in this case and must be weighed by a trier of fact."); *N.L.R.B. v. Sandy Hill Iron & Brass Works*, 165 F.2d 660, 663 (2d Cir. 1947) ("[R]espondent . . . argues that the testimony of . . . discharged employees was uncorroborated and thus not reliable, probative, and substantial. . . . [But] the fact that the evidence was in no other way substantiated is immaterial. Lack of corroboration goes only to the question of credibility.").

We similarly reject New Ichiro Sushi's contention that the bank records introduced at trial conclusively demonstrated that the restaurant was closed for renovation during the last two weeks of September 2014 and, thus, the district court erred in crediting Hidalgo's testimony that he worked (and was not properly paid) during that period. It is not self-evident from the numerous pages of bank records introduced at trial as to why such records would conclusively demonstrate the restaurant was closed during the renovation period, nor did any witness provide such an explanation at trial by deciphering those records for the district court. Therefore, because "there are two permissible views of the evidence, the factfinder's choice between them

cannot be clearly erroneous." *Anderson*, 470 U.S. at 574.

 Accordingly, we affirm the judgment of the district court as to the award to Roberto Hidalgo.

*          *          *

 We have considered all of the remaining arguments and find them to be without merit. For the foregoing reasons, the April 30, 2020 order and May 4, 2020 judgment of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13